UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-81164-Civ-Ryskamp/Hopkins

PATRICIA ABRAM-ADAMS,

    Plaintiff,

v.

ALDI, INC.,

    Defendant.

_____/

FILED by _____ D.C.

OCT 3 1 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER TO SHOW CAUSE TO PLAINTIFF

**THIS CAUSE** has come before this Court upon an Order referring all non-dispositive pretrial matters to the undersigned United States Magistrate Judge, as well as referring any dispositive matters for a Report and Recommendation. (DE 4).

This Court has before it *pro se* Plaintiff's Motion for Leave to Proceed In Forma Pauperis. (DE 3). However, before the Court considers whether Plaintiff is entitled to such relief, it is incumbent upon the Court to conduct an initial screening as to the merits of Plaintiff's Complaint. *See Litmon v. Santa Clara County*, 2008 WL 3876186, *1 (N.D. Cal. Aug. 18, 2008). Under 28 U.S.C. § 1915(e)(2), the Court "shall dismiss the case at any time if the Court determines that the action [] is frivolous . . . [or] fails to state a claim on which relief may be granted." *See Clinton v. Delray Credit Counseling, Inc.*, 2008 WL 5054097 (S.D. Fla. Nov. 26, 2008). Even though courts are to "interpret *pro se* complaints liberally," it is equally true that "early evaluation of the potential merits of a *pro se* litigant's claim is very important because initial screening by the court can eliminate patently frivolous actions." *Thomas v. Norris,* 2008

WL 859190, *2 (E.D. Tex. March 28, 2008).

In her Complaint, Plaintiff alleges, *inter alia*, that she was the victim of race, age, and disability discrimination while applying, unsuccessfully, for employment with the Defendant. It is well settled that a precondition of filing a lawsuit alleging employment discrimination is the exhaustion of administrative remedies. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). Thus, "[b]efore instituting suit, aggrieved employees must first make a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC), and secure from the EEOC a 'right-to-sue' letter." *Thomas*, 2008 WL 859190 at *4 (*citing Taylor*, 296 F.3d at 378-79). A claimant then has ninety days to file a civil action after receipt of a "right-to-sue" letter from the EEOC. *Id.* at 379.

Here, Plaintiff has failed to provide the Court with copies of her EEOC complaint and "right-to-sue" letter.[1] Plaintiff also fails to state when she received the "right-to-sue" letter so that this Court can assess whether her lawsuit is timely.

After considering the foregoing, and being otherwise advised on the premises, it is **HEREBY ORDERED AND ADJUDGED** as follows:

1.) Plaintiff is **ORDERED** to show cause why this Court should not recommend to the District Court that Plaintiff's Complaint be dismissed as untimely and for failure to exhaust administrative remedies prior to filing this lawsuit. *See Clinton,* 2008 WL 5054097 (order to show cause issued where plaintiff failed to show exhaustion of remedies or that discrimination complaint was timely); *Wilson v. Texas Higher Educ. Coordinating Bd.*, 2006 WL 505549, *3

---

[1] To the extent Plaintiff has provided documentation from the Florida Commission on Human Relations, such indicates that she voluntarily withdrew her complaint. (DE 1, Ex. 1).

(W.D. Tex. Jan. 30, 2006)(where plaintiff failed to produce a right-to-sue letter after being given an opportunity to do so, court found that plaintiff failed to exhaust his administrative remedies and dismissed lawsuit). *See also Davidson v. Correctional Medical Services*, 2008 WL 4004330, n.8 (D.N.J. Aug. 25, 2008)(finding it "appropriate" to dismiss *sua sponte* under 28 U.S.C. § 1915(e)(2) a *pro se* complaint that is obviously untimely).

2.) Plaintiff's Response to this Court's Order to Show Cause shall include a copy of her EEOC complaint, "right-to-sue" letter, as well as a statement regarding when she received such letter, and shall be filed within **TEN (10)** days of the date of this Court's Order. Plaintiff is advised that failure to respond within the Court's deadline may result in this Court recommending that the District Court dismiss her lawsuit.

**DONE AND ORDERED** in Chambers this 31 day of October, 2012, at West Palm Beach in the Southern District of Florida.

*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

cc: Patricia Abram-Adams, *Pro Se* Plaintiff
240 S.W. 3rd
Deerfield Beach, FL 33441

3